IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-246-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MAURICIO ESPINOZA, ) | |
| ) | |
| Defendant. ) | |

This case came before the court upon telephonic conference with the parties' counsel, subsequent to defendant's arraignment before Magistrate Judge Jones. This order memorializes the court's determination of issues considered.

COURT'S DISCUSSION

The purpose of said telephonic conference is to set a trial date, in accordance with the Speedy Trial Act, and resolve any pending issues as to increase efficiencies in anticipation of trial. Pending at the time of conference were government's motion in limine (DE # 22), defendant's motion in limine (DE # 28), defendant's motion to sequester witnesses (DE # 29), and government's notice (DE # 23). Defendant's motion to sequester witnesses, having no opposition by government, is GRANTED. All pending motions are set for hearing on **Wednesday, April 3, 2013**, at 10:00 a.m.

Defendant made an ORAL MOTION IN LIMINE, in response to government's notice, seeking to require documentation of evidence through custodians in lieu of using Federal Rule of

Evidence 902, as government has proposed. The brief deadline to file a memorandum in support of said oral motion is **Wednesday, February 27, 2013**. This motion will also be taken up by the court at the aforementioned hearing on April 3, 2013.

In anticipation that forfeiture will need to be decided by jury, both sides are granted additional time to supplement their jury instructions accordingly. The parties have until **April 1, 2013**, to file supplemental jury instructions. These, of course, are not required as both parties have already submitted jury instructions. However, to the extent that the parties may anticipate issues to bring before the jury, they are encouraged to do so.

Government indicated that it will use summary evidence according to Rule 1006. Any charts or other types of evidence that government intends to introduce during trial must be turned over to defendant by **April 1, 2013**. Should defendant have any issue with the form or substance of such summary evidence, he shall be prepared to raise such matters at the aforementioned hearing on April 3, 2013. Government also indicated that it will have one case agent at trial, to which defendant has no objection. Therefore, such case agent will be allowed.

Finally, as to the trial date, defendant waived the Speedy Trial Act, and agreed to set trial to commence on **April 8, 2013**, with jury selection at 2:00 p.m. The court reserves that same morning to call an additional pre-trial hearing as may become necessary. The parties are on notice to be available in case matters arise where a second pre-trial hearing may increase efficiencies at trial. The parties anticipate that trial will last no more than five days.

CONCLUSION

Decision on pending motions will be advanced by this court in accordance with the foregoing. Pre-trial issues have been addressed, and will be addressed, all as herein ordered.[1]

SO ORDERED, this the 17th day of January, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] Any motion to clarify or amend this order shall be filed within **seven days** from date of entry, and reflect the position of the other litigants on the requested relief.